IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVATORE ROGO,

        Plaintiff,

vs.                                                CIVIL NO.  11-66 MCA/LFG

BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO,
SHERIFF DARREN WHITE, BERNALILLO
COUNTY SHERIFF'S DEPARTMENT and
JOHN DOES I-VI,

        Defendants.

## ORDER EXTENDING EXPERT DISCLOSURE AND REPORT DEADLINES AS WELL AS EXPERT DISCOVERY DEADLINE, AND DIRECTIVE REGARDING TANYA POHL DEPOSITION

THIS MATTER is before the Court on Plaintiff Salvatore Rogo's ("Rogo") Motion to Extend Time to Disclose Plaintiff's Expert Witness [Doc. 46].

Rogo professes significant difficulty obtaining medical records and, in the absence of medical records, does not have information to provide his new expert. Defendants had no difficulty obtaining the same records, made a separate request, paid the charge for the records, and promptly received them. Thereafter, defense counsel offered to allow Rogo to inspect the records. [Response, at 2].

Defendants have no objection to granting Rogo a 15-day extension.[1] The Court determines that a 15-day extension from the date of this Order is appropriate; accordingly, Rogo's new expert disclosure and report production date is August 19, 2011. By virtue of this extension, the remaining case management deadlines are modified as follows:

---

[1] Defendants' proposed extension was from the date they filed their response.

| | |
|---|---|
| Plaintiff's expert disclosure and reports by | August 19, 2011 |
| Defendants' expert disclosure and reports by | September 19, 2011 |
| Deadline for discovery limited to experts | October 19, 2011 |

All other existing case management deadlines remain in full force.

## Pohl Deposition

In their response to the motion to extend, Defendants raise a separate issue concerning the proposed deposition of Rogo's live-in girlfriend Tanya Pohl ("Pohl").[2] Defendants indicate that on June 17, 2011, defense counsel corresponded with Rogo's counsel requesting deposition dates for Rogo and Pohl. Rogo's counsel, however, failed to respond to the June 17 letter. On June 22, 2011, defense counsel again wrote to Rogo's counsel to request deposition dates, and, again, this request was met with silence.

On June 29, 2011 defense counsel noticed Rogo's and Pohl's depositions for July 21, 2011, and the depositions were being set because counsel had sought to schedule mutually convenient dates, but Rogo's counsel failed to respond.

Even though Defendants noticed the depositions, Rogo filed no objection and did not contact defense counsel concerning these depositions until he sent a letter dated July 14, 2011. That letter makes no mention of the pending deposition date, but, instead, proposes alternative dates in late July or early August. Through his July 14 letter, Rogo also proposed, for the first time, to take the deposition of Deputy Griffith. Deputy Griffith has moved and no longer works for Bernalillo

---

[2]The request for relief should not have been joined in the response. Indeed, pursuant to Administrative Order Misc. 92-88, it is improper join separate or disparate matters in one pleading. However, given the discovery disputes that have previously occurred in this case, the Court will entertain the request rather than require Defendants to file a separate motion, as Rogo still has an opportunity to respond. In the future, however, Defendants should file a separate motion.

County. Defense counsel is seeking to locate him to make him available for deposition.

Rogo's deposition proceeded as scheduled, but Rogo's attorney did not produce Pohl, contending that she had not been subpoenaed, nor had she received a witness fee. *See* 28 U.S.C. § 1821(a)(1). He did not file any notice of non-appearance, nor did he give defense counsel the courtesy of a phone call or fax alerting defense counsel to the lack of a subpoena or witness fee. At Rogo's deposition, defense counsel learned, for the first time, that Pohl would not appear.

Rogo argues that Pohl is not a party to the case and that Rogo had no obligation or duty to produce her for deposition. He contends that he has no control over her. He does not challenge the assertion that Pohl resides at his household.

Rogo's claims that he has no control over this witness are simply specious. After all, they live together. Rogo and his attorney were aware of Pohl's scheduled deposition. If Rogo wanted to assert his lack of control over Pohl, a simple telephone call or fax to defense counsel would have sufficed, or an oral statement indicating that she would not attend in the absence of a subpoena or a notice of non-appearance would have been appropriate.

This is the kind of uncooperative behavior condemned by the Creed of Professionalism, which was adopted into this district's local rules, D.N.M.LR-Civ. 83.9. An attorney is no less an advocate when the attorney cooperates with opposing counsel. Indeed, courtesy and cooperation are hallmarks of professionalism, and it is regrettable that Rogo's counsel failed to extend this basic courtesy to defense counsel.

Having said that, the Court is compelled to find that Pohl is a non-party, and in the absence of her agreement to appear voluntarily for her deposition, Defendants are obligated to issue and serve a subpoena and to pay a witness fee.

The Court will extend the deadline for taking her deposition until September 7, 2011.

IT IS SO ORDERED.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge